IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| STANCIL McNAIR<br>130 S. Loudon Avenue<br>Baltimore, Maryland 21229;<br><br>THERESA BLOW<br>818 E. Preston Street<br>Baltimore, Maryland 21202;<br><br>TIMMEEKA PETTUS<br>705 Cumberland Street<br>Baltimore, Maryland 21218;<br><br>CRYSTAL BOSWELL<br>1924 Oak Hill Avenue<br>Baltimore, Maryland 21218;<br><br>RICARDO WARD<br>5526 Frederick Avenue<br>Baltimore, Maryland 21228;<br><br>and<br><br>MITCHELL DEAN, Sr<br>4718 Duncrest Avenue<br>Baltimore, Maryland 21206,<br><br>                *Plaintiffs*,<br><br>v.<br><br>LOCAL 44 ELECTION COMMITTEE,<br>American Federation of State, County<br>& Municipal Employees (AFSCME)<br>1410 Bush Street, Suite A<br>Baltimore, Maryland 21230;<br><br>JAMIALA AUSTIN<br>In her official capacity as a Member of<br>Local 44 Election Committee<br>2715 Jenner Drive, Apt C<br>Baltimore, Maryland 21209; | Case No. 1:25-cv-03913 |

|  |  |
|---|---|
| NATHANIEL JOHNSON<br>In his official capacity as a Member of<br>Local 44 Election Committee<br>237 Mallow Hill Road, Apt. 1<br>Baltimore, Maryland 21229;<br><br>ANDRE McLEAN<br>In his official capacity as a Member of<br>Local 44 Election Committee<br>7060 Surrey Drive, Apt. 1<br>Baltimore, Maryland 21215;<br><br>AFSCME COUNCIL 3<br>MARYLAND STAFF UNION CORP.<br>1410 Bush Street<br>Baltimore, Maryland 21230;<br><br>and<br><br>American Federation of State,<br>County and Municipal Employees, AFL-CIO<br>1625 L Street, NW<br>Washington, DC 20036,<br><br>       *Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Defendant American Federation of State, County and Municipal Employees ("AFSCME"), through undersigned counsel, pursuant to 28 U.S.C. § 1441 *et seq.*, removes to this Court an action styled *McNair v. Local 44 Election Committee, et al.*, filed in the Baltimore City Circuit Court.[1] As grounds for removal Defendant states as follows:

---

[1] As of the filing date of this Notice of Removal, upon information and belief, we are unaware of any case number assigned to this action in the Baltimore City Circuit Court.

1. The above-captioned state-court lawsuit was commenced in the Baltimore City Maryland Circuit Court on November 26, 2025, with the filing by Plaintiffs of a Complaint for Declaratory Judgment and Injunctive Relief.

2. Plaintiffs, all of whom are members of AFSCME and AFSCME Local 44, purport to state a claim for relief based on AFSCME's alleged violation of the terms of AFSCME's Constitution and the constitution of AFSCME Local 44 by, among other things, ordering the re-run of an AFSCME Local 44 election.

3. The Complaint seeks a declaratory judgment and injunctive relief, asking for a judicial declaration that, contrary to AFSCME's determination, the August 23, 2025 Local 44 election was valid and binding; the AFSCME Judicial Panel erroneously interpreted the term "employer" in the AFSCME Constitution; the AFSCME Judicial Panel erroneously construed the AFSCME Constitution when it treated a defect in notifying candidates of a local election committee hearing as cured through the candidates' notice of, and full participation in, a subsequent de novo union review proceeding addressing the same issue; and AFSCME's decision to void the August 23 election and order a re-run election was invalid. The Complaint additionally asks the Court to enjoin Defendants from conducting a re-run election and ordering Defendants to recognize the winners of the August 23 election.

4. Federal jurisdiction exists over the complaint and removal to this Court is therefore proper.

**Federal Jurisdiction Under LMRA § 301**

5. This case may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a). In alleging that Defendant AFSCME breached its obligations to the Plaintiffs set forth in the AFSCME Constitution, Plaintiffs' complaint arises under the laws of the United States –

namely, Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. *See, e.g.*, *Wooddell v. IBEW*, 502 U.S. 93 (1991).

6. LMRA Section 301(a) provides that "[s]uits for violation of contracts between … labor organizations[] may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." The above-described claim therefore constitutes a claim over which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1337.

7. AFSCME's Constitution is a contract governing the relationship between AFSCME and its state and local affiliates, including AFSCME Local 44. The constitutional documents of national unions are, as the Supreme Court has held, "contracts" between the national union and its affiliated local unions. *Plumbers and Pipefitters v. Local 334*, 452 U.S. 615, 622 (1981).

8. AFSCME is a "labor organization," as that term is defined in § 2(5) of the LMRA, 29 U.S.C. § 152(5). Many of AFSCME's affiliates also are "labor organizations" under that definition. The AFSCME Constitution thus constitutes a "contract[] … between … labor organizations," as that term is used in LMRA § 301(a), 29 U.S.C. § 185(a).

9. The Supreme Court has made clear that "the word 'between' in § 301 refers to 'contracts,' not 'suits.'" *Wooddell*, 502 U.S. at 98 (citing *Smith v. Evening News Ass'n*, 371 U.S. 195, 198 (1962)). Accordingly, a "suit" alleging violation of the AFSCME Constitution—a contract between AFSCME and other labor organizations—comes within the ambit of § 301, regardless of whether both of the parties to that suit are themselves "labor organizations" within the meaning of the statute.

4

10. For these reasons, this Court, in *Adams v. AFSCME*, permitted AFSCME to remove from state court a suit against it that alleged breach of its constitution, even where the local union specifically involved in the dispute was a local representing exclusively public employees and thus not a "labor organization" under federal law. 167 F. Supp. 3d 730 (D. Md. 2016).

11. In accordance with the doctrine of "complete preemption," a plaintiff whose claims depend on the premise that a union has breached its constitution may not avoid removal by omitting references to Section 301 from its complaint. *See Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58 (1987) (holding that ERISA "complete preemption" is modeled after LMRA Section 301 complete preemption, and that a plaintiff could not avoid removal by omitting references to ERISA in its complaint); *Davis v. Bell Atl.-W. Virginia, Inc.*, 110 F.3d 245, 247 (4th Cir. 1997) ("[T]he Supreme Court has refused to allow artful pleading to circumvent the power of § 301's preemptive force. Form is not a triumph over substance." (citation omitted)).

12. Here, Plaintiffs' claims depend on the proposition that AFSCME violated its Constitution when it declared, through its Judicial Panel, that the August 23, 2025 election had to be rerun. The AFSCME Constitution prohibits the use of "funds or resources of any employer . . . to support the candidacy of any member for any elective office within the" union. *See* Compl. Att. 7 (Int'l Const. Appendix D § 1(A)). The AFSCME Judicial Panel interpreted the term "employer" in this constitutional provision to encompass the Baltimore City Inspector General. Plaintiffs claim that "employer," as used in the AFSCME Constitution, is narrower than the reading that the Judicial Panel gave to that term. If Plaintiffs are correct, then AFSCME has breached its Constitution by ordering a new election. If Plaintiffs are incorrect, AFSCME is complying with its Constitution. Because the complaint rises or falls depending on whether

AFSCME has breached its Constitution, this case "arises under" Section 301 under 28 U.S.C. § 1331. *See Wooddell*, 502 U.S. at 101–103.

13. Because there exists federal jurisdiction over the Complaint's claims for violation of the AFSCME Constitution, the lawsuit is removeable to federal court under 28 U.S.C. § 1441(a).

\* \* \*

14. When a civil action is removed, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). As of the filing date of this Notice of Removal, upon information and belief, we are unaware if service has been affected on any defendant. Though Defendant AFSCME has not been served with the Complaint, it did receive notice of it and a courtesy copy via email (at 11:51 p.m. on November 26, 2025, the Wednesday night before Thanksgiving).

15. Defendant AFSCME is the only defendant in this action that has been "properly joined." Defendants Council 3, the Local 44 Election Committee, and the individual members of the Local 44 Election Committee—individuals who were recently appointed to the Election Committee by lead Plaintiff Stancil McNair—are not properly joined, but instead appear to be make-weight defendants, added solely to frustrate removal. The joinder of these other defendants is improper because the Plaintiffs' only true adversary is AFSCME and their only Article III "case or controversy" is their dispute with AFSCME. That is because, as Plaintiffs themselves acknowledge, to the extent that the non-AFSCME defendants are implementing the re-run election that Plaintiffs seek to enjoin, they are doing so solely because they are subordinate to defendant AFSCME and are following the orders of defendant AFSCME, as expressed through AFSCME's Judicial Panel. *See, e.g.*, Compl. at 14 (describing the Local 44 Election Committee

as "bound by . . . the AFSCME Judicial Panel"). Stated another way, if the Court were to declare that AFSCME violated its Constitution in ordering the rerun election, then the other defendants would not and could not implement AFSCME's rerun order, making their role as defendants superfluous. Likewise, if the Court were to declare that AFSCME violated its Constitution by construing a defect in notifying candidates of a local election committee hearing as cured through the candidates' notice of and full participation in a subsequent de novo proceeding addressing the same issue, the nominal defendants, who are the current members of Local 44's Election Committee, would be in precisely the same position as if they were omitted from the complaint. Namely, those nominal defendants would be conducting a new hearing either way.

16. AFSCME has filed this Notice of Removal within thirty days of the date it received notice of the Complaint. Removal is therefore timely under 28 U.S.C. § 1446(b).

17. This Notice of Removal is filed by undersigned counsel on behalf of AFSCME.

18. Defendant AFSCME has attached a copy of all process, pleadings and orders that have been served on it in the state court proceeding.

19. Defendant AFSCME will file written notice of the removal, together with a copy of this Notice with the Clerk of the Baltimore City Circuit Court, and will serve on counsel for Plaintiffs and all other Defendants, as well as send a courtesy copy to counsel for Plaintiffs and all other Defendants via email.

November 28, 2025                                    Respectfully submitted,

                                                                                            */s/ Kathleen Keller*
                                                                                            Kathleen Keller, D. Md. Bar # 19085
Rachel S. Casper*
Bredhoff & Kaiser, P.L.L.C.
805 15th Street, N.W., Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
kkeller@bredhoff.com
rcasper@bredhoff.com

*Counsel for Defendant American Federation of State, County and Municipal Employees*

*Admission application to the U.S. District Court for the District of Maryland is pending